IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-95-0265-02 |
| | § | |
| WARREN DEAN CORNETT | § | (Civil Action No. H-02-2244) |
| | § | |

**MEMORANDUM AND ORDER**

On July 22, 2002, this Court denied a motion filed by the defendant, Warren Dean Cornett, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The defendant has now filed a motion for relief from that judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (Criminal Docket No. 1006). The motion is denied for reasons set forth below.

**I.  DISCUSSION**

On July 25, 1997, a jury found Cornett guilty of conspiracy to possess cocaine and cocaine base (*i.e.*, crack cocaine) with intent to distribute, as well as two counts of aiding and abetting the possession with intent to distribute those drugs. (Criminal Docket No. 594). As a result, the Court sentenced Cornett to life imprisonment. The United States Court of Appeals for the Fifth Circuit affirmed Cornett's conviction and sentence in 1999. *See United States v. Cornett*, No. 98-20298 (5th Cir. 1999). Cornett did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court.

On June 7, 2002, Cornett filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Among other things, Cornett argued that he was entitled to relief under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because his sentence was enhanced with facts that were neither alleged in the indictment nor proven to a jury beyond a reasonable doubt. On July 22, 2002, the Court denied relief under § 2255, on the grounds that the motion was barred by the governing one-year statute of limitations. *See United States v. Cornett*, Civil Action No. H-02-2244 (S.D. Tex.). Alternatively, the Court found that Cornett's claims were without merit. The Fifth Circuit agreed and denied a certificate of appealability from that decision. *See Cornett v. United States*, No. 02-21083 (5th Cir. 2003). Subsequently, the Supreme Court denied Cornett's petition for a writ of certiorari. *See Cornett v. United States*, 540 U.S. 932 (2003).

The defendant now seeks relief from the final judgment under Rule 60(b) of the Federal Rules of Civil Procedure. His primary argument is that he is entitled to relief from his conviction and sentence pursuant to the Supreme Court's decision in *United States v. Booker*, — U.S. —, 125 S. Ct. 738 (2005), which extended the rule in *Blakely v. Washington*, — U.S. —, 124 S. Ct. 2531 (2004) to strike down the mandatory portion of the United States Sentencing Guideline regime. The defendant argues that, because his sentence was enhanced with fact findings made by the Court and not by a jury, in violation of *Booker*, the final judgment in his case is "void" under Rule 60(b)(4). The defendant is not entitled to relief for reasons discussed briefly below.

The defendant's Rule 60(b) motion does not take issue with any particular aspect in the Court's decision to deny relief under 28 U.S.C. § 2255. Instead, the Rule 60(b) motion attempts to repeat the same substantive arguments made in his original § 2255 motion and to assert new claims for relief under *Booker*.[1] A Rule 60(b) motion such as the one filed by the defendant, which raises claims for relief rather than challenges to defects in a prior collateral review proceeding, is treated as a successive § 2255 motion that is subject to 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, — U.S. —, 125 S. Ct. 2641 (2005). Under § 2244(b), this Court can entertain a second or successive motion for collateral review only after a panel of the United States Court of Appeals for the Fifth Circuit authorizes the filing of the successive motion. To the extent that the defendant attempts to obtain review of the proposed claims, his pending submission is a successive § 2255 motion. The defendant fails to present the necessary authorization from the Fifth Circuit. Any explanation that he might present for his failure to properly raise the proposed claims previously must be presented to the Fifth Circuit for its consideration in deciding whether to authorize the filing of the successive motion in this district court.

Alternatively, the retroactivity doctrine announced in *Teague v. Lane*, 489 U.S. 288 (1989), bars relief on collateral review to cases that have become final before the new rule

---

[1] It appears that Cornett is under the impression that the Court did not address the merits of his prior motion under 28 U.S.C. § 2255, because it was untimely filed. He is mistaken. The Court did find that his § 2255 motion was barred by the statute of limitations. However, the Court went on to address the merits of Cornett's claims and found that he was not entitled to relief under § 2255. (*Memorandum and Order*, Docket Entry No. 965).

is announced. The Supreme Court issued its decision in *United States v. Booker*, — U.S. —, 125 S. Ct. 738 (2005), well after the defendant's conviction became final. The holding in that case plainly applies only to "cases on direct review." *Booker*, 125 S. Ct. at 769. The Fifth Circuit has confirmed that the rule established in *Booker* is not retroactive to collateral challenges filed by defendants whose convictions were already final before January 12, 2005. *See United States v. Gentry*, — F.3d —, 2005 WL 3317891 (5th Cir. No. 04-11221 Dec. 8, 2005); *In re Elwood*, 408 F.3d 211 (5th Cir. 2005). To the extent that Cornett seeks relief under *Booker*, any such claim is barred by the doctrine of retroactivity and he is not entitled to relief for that reason.

## II.    CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The pending motion for relief from the final judgment (Criminal Docket No. 1006) is **DISMISSED** for lack of jurisdiction as an unauthorized successive writ. Alternatively, the motion is **DENIED** for lack of merit.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, on **January 25, 2006.**

_____
Nancy F. Atlas
United States District Judge