IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-95-0265-02 |
| | § | |
| WARREN DEAN CORNETT | § | (Civil Action No. H-09-2679) |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a "Motion for Correction of Sentence" by the defendant, Warren Dean Cornett. (Crim. Doc.# 1085). Cornett has also filed a motion to "correct" certain information contained in the Pre-Sentence Report (the "PSR") that was used to determine his punishment. (Crim. Doc. # 1084). The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, Cornett's pending motions and the corresponding civil action (No. H-09-2679) must be dismissed for reasons set forth below.

**I.   BACKGROUND**

On July 25, 1997, a jury found Cornett guilty of conspiracy to possess cocaine and cocaine base (*i.e.*, crack cocaine) with intent to distribute, as well as two counts of aiding and abetting the possession with intent to distribute those drugs. After considering a PSR prepared by the Probation Office, and the applicable law, this Court sentenced Cornett to life imprisonment in 1998. The United States Court of Appeals for the Fifth Circuit affirmed Cornett's conviction and sentence in 1999. *See United States v. Cornett*, No. 98-20298 (5th

Cir. 1999). Cornett did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court.

On June 7, 2002, Cornett filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Among other things, Cornett argued that he was entitled to relief under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because his sentence was enhanced with facts that were neither alleged in the indictment nor proven to a jury beyond a reasonable doubt. On July 22, 2002, the Court denied relief under § 2255, on the grounds that the motion was barred by the governing one-year statute of limitations. *See United States v. Cornett*, Civil Action No. H-02-2244 (S.D. Tex.). Alternatively, the Court found that Cornett's claims were without merit. The Fifth Circuit agreed and denied a certificate of appealability from that decision. *See Cornett v. United States*, No. 02-21083 (5th Cir. 2003). Subsequently, the Supreme Court denied Cornett's petition for a writ of certiorari. *See Cornett v. United States*, 540 U.S. 932 (2003).

Cornett has now filed a second motion to correct his sentence, arguing he is entitled to relief from the judgment in this case. (Crim. Doc. # 1085). In that motion, which is dated August 10, 2009, Cornett contends that his punishment violates the "Privacy Act" because it is based on "inaccurate" or "incorrect information" in the PSR. In a separate motion, Cornett argues that the PSR is incorrect because his sentence was determined using an invalid enhancement. (Crim. Doc. # 1084). This Court lacks jurisdiction to consider his claims for reasons set forth briefly below.

2

## II.  DISCUSSION

The pending motions filed by Cornett, which seek relief from his sentence based on alleged errors in the PSR, constitute a successive challenge to the punishment imposed in this case under 28 U.S.C. § 2255.  A second or successive motion under § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  A motion filed under § 2255 qualifies as "second or successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).  The Court has previously rejected arguments by Cornett that his sentence was enhanced improperly.  The allegations that Cornett now attempts to raise could have, and should have, been presented at that time. Therefore, Cornett's pending § 2255 motion qualifies as a second or successive motion, which requires authorization.

The plain language of 28 U.S.C. § 2255 provides that this Court cannot entertain a second or successive motion until after a panel of the United States Court of Appeals for the Fifth Circuit authorizes the filing of such a motion.  "Indeed, the purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same

3

conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  Cornett does not present the requisite authorization here.  To the extent that he presents new arguments or claims, any explanation that he might present for his prior failure to raise the new claims asserted in the current motion must be presented to the Fifth Circuit for its consideration in deciding whether to authorize the filing of the successive motion in this district court.  Absent the requisite authorization, this Court is without jurisdiction to consider Cornett's pending motions for relief from his sentence.  *See Key*, 205 F.3d at 774.

### III. CONCLUSION AND ORDER

For all of the foregoing reasons, the Court **ORDERS** as follows:

1. The defendant's pending motions (Crim. Docs. #1084, #1085) and the corresponding civil action (H-09-2679) are **DISMISSED** without prejudice for lack of jurisdiction.

2. To the extent that one is required, a certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  August 31st , 2009.

Nancy F. Atlas
United States District Judge